UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSÉ F. BATISTA, | : | |
| *Plaintiff* | : | |
| | : | |
| V. | : | C.A. NO. 2021- |
| | : | |
| CITY OF PROVIDENCE, BY AND THROUGH ITS | : | |
| FINANCE DIRECTOR, LAWRENCE J. MANCINI | : | |
| AND CITY TREASURER, JAMES J. LOMBARDI; | : | |
| PROVIDENCE EXTERNAL REVIEW AUTHORITY: | | |
| BOARD, BY AND THROUGH ITS MEMBERS, | : | |
| IN THEIR OFFICIAL CAPACITY AS TO ALL | : | |
| COUNTS AND IN THEIR PERSONAL CAPACITY | : | |
| AS TO CLAIMS 10 & 11 | : | |
| NICHOLAS FIGUEROA, MACHISTE RANKIN, | : | |
| PHANIDA PHIVILAY, KENNETH COHEN, | : | |
| SUSAN DERITA, KIMBERLY DY, | : | |
| MICHAEL FONTAINE, ELISE SWEARINGEN, | : | |
| AND DEBORAH WRAY | : | |
| *Defendant* | : | |
| | : | |

## COMPLAINT

### I.   INTRODUCTION

1.  This Action is brought by José F. Batista ("Plaintiff"), seeking compensatory, and punitive

    damages, counsel fees and costs, as well as equitable relief and any other relief this Honorable

    Court deems proper and just arising out of Providence's unlawful violations of the Access to

    Public Records Act, R.I. Gen Laws §38-2-1 *et seq;* the City of Providence's unconstitutional

    retaliation against protected speech; violations of the First and Fourteenth Amendments to the

    United States Constitution by a retaliatory adverse employment action committed by the City

    of Providence ("City" or "Defendant"); the City's violation of R.I. Gen. Laws §28-50-1 *et seq*

    "The Rhode Island Whistleblowers' Protection Act"; and Substantive and Procedural Due

Process Rights including Loudermill rights; and R.I. Gen. Laws §42-46-5(a)(1) Open Meetings Act Privacy Rights; and R.I. Gen. Laws §42-46-1 et seq; Governor's Executive Order 20-46 Open Meetings Act Public Access Rights; and the Providence City Charter §904 regarding personnel as well as Providence Code of Ordinances §18(1/2)-2 regarding the Providence External Review Authority.

## II.   PARTIES

2.   José F. Batista ("Plaintiff"), is a resident of the City of Providence, County of Providence, State of Rhode Island.

3.   Defendant, City of Providence, ("City" or "Defendant") is a municipal corporation duly authorized and organized un the State of Rhode Island and is sued as to all counts herein by and through its Finance Director and Treasurer, the officials designated by R.I. General Laws §45-15-5 to be named in a suit for relief against a municipal corporation.

4.   Defendant, Nicholas Figueroa, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in his individual, personal capacity for Claim 10 and Claim 11.

5.   Defendant, Machiste Rankin, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in his individual, personal capacity for Claim 10 and Claim 11.

6.   Defendant, Phanida Phivilay, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in her individual, personal capacity for Claim 10 and Claim 11.

7. Defendant, Kenneth Cohen, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in his individual, personal capacity for Claim 10 and Claim 11.

8. Defendant, Susan DeRita, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in her individual, personal capacity for Claim 10 and Claim 11.

9. Defendant, Kimberly Dy, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in her individual, personal capacity for Claim 10 and Claim 11.

10. Defendant, Michael Fontaine, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in his individual, personal capacity for Claim 10 and Claim 11.

11. Defendant, Elise Swearingen, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in her individual, personal capacity for Claim 10 and Claim 11.

12. Defendant, Deborah Wray, is a member of the PERA Board and is sued in that capacity as to all counts and pursuant to R.I. Gen. Laws §42-48-8(d), is further sued in her individual, personal capacity for Claim 10 and Claim 11.

## III.    JURISDICTION

13. This Court has Jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1343, 1367 (supplemental), 2201 and 2202.

IV. <u>VENUE</u>

14. Pursuant to the requirements set forth in 28 U.S.C. § 1391, venue is proper in this Court insofar as Defendant is doing business in Rhode Island and therefore is deemed to reside in the District of Rhode Island and a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in the District of Rhode Island.

V. <u>FACTS AND TRAVEL</u>

<u>BATISTA ATTEMPTS TO FULFILL HIS DUTIES AS EXECUTIVE DIRECTOR OF THE PROVIDENCE EXTERNAL REVIEW AUTHORITY (PERA)</u>

15. Police misconduct is a matter of significant public concern.

16. Video footage of police misconduct is a matter of significant public concern.

17. On or about May 27, 2020, Plaintiff, in his capacity as Executive Director the Providence External Review Authority, was shown a video of Providence Police Sgt. Hanley assaulting a restrained man ("Sgt. Hanley Assault Video").

18. On or about June 1, 2020, Plaintiff called for an internal investigation of the assault in his capacity as Executive Director of the Providence External Review Authority ("PERA").

19. On or about June 1, 2020, Plaintiff exercised his authority pursuant to Providence Code of Ordinance §18½ - 2(h)(1) to monitor a Providence Police Department investigation of the assault. *See Exhibit 1, June 1, 2020 Letter from Plaintiff.*

20. The PERA Investigator, Eugene Monteiro, reviewed the video and reported to the PERA Board on or about June 17, 2020 regarding the same.

21. Prior to the PERA Investigative Report, the City of Providence had described the Sgt. Hanley incident by merely stating that Sgt. Hanley punched Rishod Gore while Mr. Gore was handcuffed.

22. Prior to the PERA Investigative Report, the City of Providence did not disclose that Sgt. Hanley struck Mr. Gore several times, including kicks, kneeling, and verbal taunting.

23. Because the PERA Investigative Report differed materially from the City's descriptions of the incident, Plaintiff sought to show the video to the PERA Board. *See, Exhibit 2, July 10, Subpoena Request; Exhibit* 3, *October 21, 2020 correspondence; Exhibit 5, November 9, 2020 Letter.*

24. Because the PERA Investigative Report differed materially from the City's descriptions of the incident, the PERA Board sought to view the video because of the PERA Investigator's June 17, 2020 report.

25. On or about July 8, 2020, the PERA Investigator appeared before the PERA Board.

26. The City of Providence Public Safety Commissioner refused PERA's request to view the video footage of the Sgt. Hanley Assault. *See, Exhibit 2, July 10, Subpoena Request.*

27. On or about July 10, 2020, PERA requested a subpoena for the video from the Providence City Council. *See, Exhibit 2, July 10, Subpoena Request.*

28. The Providence City Council granted PERA subpoena authority for a request for the video.

29. On or about July 31, 2020, the Providence Police Department provided Plaintiff with the Sgt. Hanley Assault Video footage.

30. On or about August 4, 2020 the PERA Board convened a special meeting for the sole purpose of viewing the Sgt. Hanley Assault Video.

31. On or about August 5, 2020, immediately after the PERA Board viewed the Sgt. Hanley Assault Video, Plaintiff and the PERA Board Chair, received an Access to Public Records Act ("APRA") Request for the Sgt. Hanley Assault Video from Shannah Kurland, Esq., Legal Director, Community Defense Project, Providence Youth Student Movement.

32. On or about August 25, 2020 the PERA Board voted to release an "investigative report" regarding the assault.

33. Despite the August 25, 2020 vote to release the report, PERA Board Members engaged in conduct to prevent or delay the release of the report.

34. The release of the report was delayed until approximately October 8, 2020.

35. The investigative report details the content of the video making the content of the video public information pursuant to Rhode Island Access to Public Records Act.

36. The report states in pertinent part:

- Using video from the BWC (X6039A9J4) and the cell phone footage, Sergeant Hanley is observed in the following acts after the complainant is in handcuffs and lying on the ground in the prone position:
  - Kneeling on the back of his neck/shoulder (Sergeant Hanley appears to use the open car door as support, lift his supporting foot off the ground bearing his full weight on the complainant's neck and shoulder)
  - Punch to the ribs (left side)
  - Kick to the rib area
  - Kick to the head
  - Walking on the back of the complainant's lower legs
    - **NOTE:** During the assault(s) Sergeant Hanley continued to verbally taunt the complainant.


*(PERA Investigative Report Attached hereto as Exhibit 11, highlighted emphases added)*

37. Prior to October 8, 2020 the City of Providence had not provided the general public with an accurate description of the Sgt. Hanley Assault.

38. As a result of Plaintiff's efforts, the October 8, 2020 release of the PERA Investigative Report was the first time the general public had access to an accurate description of the Sgt. Hanley Assault.

39. On or about October 8, 2020, Plaintiff received a second APRA Request for the video from Amanda Milkovits of the Boston Globe, derived in part from the investigative report released by PERA. It specifically cited that the video was no longer exempt from public disclosure since the investigation was completed and included a further request for a written explanation in the case of a refusal to release the Sgt. Hanley Assault Video.

40. On or about October 21, 2020 Plaintiff sent written correspondence, attached hereto as *Exhibit* 3, *October 21, 2020 correspondence*, to the City of Providence which highlighted in part:

    i.   "Indeed, [PERA's] review of the [City of Providence's] [Sgt. Hanley] investigation yielded **notable differences** between what was reported to the public and what was evident on the videos [PERA] saw."

41. On or about October 18, 2020, a highly publicized officer involved incident had occurred when Jhamal Gonsalves sustained serious injuries in an ATV accident.

42. The primary purpose of the October 21, 2020 correspondence from Plaintiff to the City of Providence was to demand that "PERA must be made an equal partner with [the City of Providence] on the Gonsalves investigation."

43. The October 21, 2020 letter also stated that PERA has not been allowed to participate in the Gonsalves investigation.

44. On or about October 26, 2020 the City of Providence released video footage of the October 18, 2020 officer involved incident regarding a Jhamal Gonsalves.

45. On or about October 28, 2020, the City of Providence denied PERA's request to monitor the Gonsalves investigation. *See attached Exhibit 4, October 28, 2020 letter.*

46. On or about November 9, 2020, Plaintiff sent the City of Providence a letter a detailed response including two (2) specific descriptions of why the City of Providence's refusal to allow PERA to monitor the Gonsalves investigation amounted to a violation of the Providence External Review Authority Ordinance, taking care to trace the statutory development of the Ordinance back to the Mr. Michael Van Leestan's 1970's consent decree to the creation and empanelment of PERA after the tragic death of Sgt. Cornel Young Jr. *See attached Exhibit 5, November 9, 2020 Letter.*

47. In said November 9, 2020 Letter to the City of Providence, Plaintiff cited two specific examples wherein the City of Providence "conveyed information to PERA and/or the public that was ***materially incomplete***." The letter reads in pertinent part:

On July 31, 2018, you testified during a PERA board meeting and told the PERA board there was **no** gang database maintained by the police department. The public learned, via public record request in May 2019, that indeed there *was* still a gang database and that it had been active since at least December 2018. Moreover, this database *still*, over 18 months after the implementation of the PCPRA, did not conform with city law, resulting in a federal lawsuit and unnecessary expense to the taxpayers of our city.

More relevant to the investigation at hand, earlier this year, your office informed the public and the media of an incident that took place on April 19, 2020 whereby officer Sergeant Joseph Hanley "punched" or "assaulted" a man in handcuffs.

PERA learned of this incident at the same time the public learned of it via an article published on WPRI and, for the first time, exercised its authority to review this investigation via our own independent investigator. Our investigators report[2] revealed details and facts about the incident that were deeply troubling and completely undisclosed by your office.

48. Despite Plaintiff's efforts and its release of comparable video footage in another incident, the City of Providence continued to coverup the details of the Sgt. Hanley Assault by unlawfully refusing to produce video footage of that incident.

## EXECUTIVE DIRECTOR BATISTA COMPLIES WITH APRA
## &
## PUBLISHES THE TRUTH OF AN IMPORTANT PUBLIC EVENT

49. On or about November 10, 2020 Plaintiff released the Sgt. Hanley Assault Video as required by the Access to Public Records Act.

50. The PERA Board immediately called for a special meeting to discipline Plaintiff.

51. The City of Providence incorrectly informed the PERA Board that the PERA Board did not have authority to suspend the PERA Executive Director.

52. The City of Providence incorrectly informed the PERA Board that the PERA Board's only disciplinary option was to terminate Plaintiff.

53. The City of Providence incorrectly informed the PERA Board that the PERA Board had the authority to unilaterally terminate Plaintiff.

## EXECUTIVE DIRECTOR BATISTA IS SILENCED BY PERA BOARD
## THE PERA BOARD VIOLATES APRA AND THE OMA

54. On or about November 16, 2020 the PERA Board voted 6-3 to terminate Plaintiff.

55. The City of Providence and the PERA Board did not allow Plaintiff to speak at the hearing.

56. In astonishing defiance of its statutory charge, blind to the community's need to know the truth, and in violation of Plaintiff's due process rights, the PERA Board chose to silence the Plaintiff and refused to allow the Plaintiff to speak at the hearing.

57. Because the Plaintiff had sought to assist the PERA Board in fulfilling its statutory duties of external oversight of police misconduct and responsiveness to public requests and had fought for it to publish the truth about the Hanley Assault, the City of Providence and the PERA Board arrogantly reduced the Plaintiff to humiliating silence.

58. There was no documentation offered in support of the termination of Plaintiff.

59. The PERA Board made no findings of fact to support termination.

60. The PERA Board refused Plaintiff any opportunity to discuss his efforts to stop the City from violating the Access to Public Records Act.

61. The PERA Board refused Plaintiff any opportunity to discuss how the City was undermining the purpose and intent of the PERA Authority.

62. The PERA Board members bizarrely focused on defending themselves individually instead of considering the merits of Plaintiff's termination or the substance of his actions complying with Rhode Island law, City of Providence ordinances, and speaking the truth to the public.

63. Consistent with its continuing disregard of its own purpose, the Plaintiff's due process rights and APRA, the PERA Board also violated the Open Meetings Act (OMA).

64. The PERA Board failed to allow full public participation in the hearing thus limiting the Public's right to participate in the decision-making process of the PERA Board, despite that said Board was ostensibly designed to prioritize the interest of the public above the interests of Sgt. Hanley.

65. The PERA Board was willing to violate the Open Meetings Act and Constitutional Due Process rights to silence Plaintiff.

66. The PERA Board and the PERA Board violated Plaintiff's Due Process right to a pre-disciplinary hearing.

67. Further evidence of its intent to publicly humiliate the Plaintiff, the City of Providence and the PERA Board violated Plaintiff's Open Meeting's Act rights when it failed to provide Plaintiff written notice in advance of the public meeting that it was his choice whether or not the disciplinary hearing occurred in public or in private closed session under R.I. Gen. Laws §42-46-5(a)(1).

68. The City of Providence and the PERA Board violated Plaintiff's due process right to a full and fair opportunity to be heard when it did not provide Plaintiff an opportunity to respond to any of the alleged causes for his termination either before or during the November 16, 2020 public meeting where the PERA Board voted to terminate him.

69. The City of Providence and the PERA Board violated the Open Meetings Act and Governor Raimondo's Executive Order 20-46, said Order attached hereto as Exhibit 6, regarding virtual public hearings when it refused to allow more than 100 participants into the public hearing. *See attached Exhibit 7, 100-person limitation screenshot.*

70. The purpose of the Open Meetings Act is to provide transparency and citizen participation in government deliberation and action.

71. The civic interests of the City of Providence are irreparably harmed when the public is not allowed to participate in the deliberations and decisions of the City's acting bodies, especially in a matter such as police violence directed at a minority citizen.

72. Plaintiff's Job Description as Executive Director of PERA provides as follows:

    i.    Plaintiff is expected to be outgoing with a commitment to restorative justice

    ii.    Plaintiff is to oversee PERA investigations

    iii.    Plaintiff is to communicate with members of the public

iv.    Plaintiff is to Actively monitor any internal police department investigation of any citizen complaint alleging misconduct.

v.    Plaintiff is to Engage with and receive input from residents and stakeholders on community concerns related to PERA and Police Department operations.

vi.    Plaintiff should have Knowledge of general legal principals and statutory law, including knowledge of employer employee hearing and administrative procedures.

vii.    Plaintiff should have Knowledge of principles, practices, and procedures related to conducting investigations and administrative hearings including rules of evidence and due process.

viii.    Plaintiff is to maintain all reports and records required of PERA.

ix.    Plaintiff should have the ability to apply racial, ethnic, and culturally appropriate strategies for effectively engaging hard to reach and disenfranchised communities

x.    Plaintiff should have the Ability to bridge community and institutional concerns around fairness and justice issues and knowledge of social problems, community attitudes, organizations, and subcultures.

xi.    Plaintiff should have Knowledge of general legal principals and statutory law, including knowledge of employer employee hearing and administrative procedures.

xii.    Plaintiff should have Knowledge of principles, practices, and procedures related to conducting investigations administrative hearings including rules of evidence and due process.

*Said Job Description is Attached hereto as Exhibit 8, emphasis added.*

73. The Purpose of the Access to Public Records Act is to mandate transparency of government information and processes.

74. The civic interests of the City of Providence are irreparably harmed when the public is not allowed to access documentation related to public concerns, such as police misconduct, particularly violence directed at a minority citizen.

75. The purpose of PERA is to provide external review authority of police misconduct.

76. The public interests of the City of Providence are harmed when the public is not allowed to participate in the deliberations and decisions of the City's acting bodies, such as termination of the Executive Director of an agency designed to bring meaningful external review of police misconduct because the Executive Director increased external review of police misconduct.

77. On or about January 14, 2021, Defendant denied Plaintiff's unemployment application.

## VI.    CLAIM 1: ACCESS TO PUBLIC RECORDS ACT, PRODUCTION OF SGT. HANLEY ASSAULT VIDEO; R.I. GEN. LAWS §38-2-1 *ET SEQ.*

78. Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

79. Plaintiff received access to public records requests for the video footage related to the Sergeant Hanley Assault.

80. Plaintiff forwarded the public records request to the City.

81. Plaintiff sought to provide the Sgt. Hanley Assault Video in response to the public records request.

82. The Access to Public Records Act does not prohibit a governing body from providing documents in response to an APRA request.

83. The Executive Director of PERA has sole authority to respond to Access to Public Records Requests on behalf of the PERA Authority.

84. The City told Plaintiff that the Sgt. Hanley Assault Video could not be provided in response to the public records requests.

85. The City of Providence refused to produce the video footage related to the Sgt. Hanley Assault despite the APRA requests.

86. The City of Providence received requests for the video footage related to the Jhamal Gonsalves incident.

87. The City of Providence produced the video footage related to the Jhamal Gonsalves incident.

88. There is no legal distinction regarding the public's right to view video footage from the Jhamal Gonsalves incident and the Sgt. Hanley Assault.

89. The City never provided an APRA denial of access notice pursuant to R.I. Gen. Laws §38-2-7 when it refused to provide the Sgt. Hanley Assault Video.

90. It is the City's burden to establish that the Sgt. Hanley Assault Video footage can be properly withheld from the public pursuant to R.I. Gen. Laws §38-2-20.

91. The only logical conclusion is that the City of Providence choses to produce video footage related to officer involved incidents based on whether or not the City believes production of video is advantageous to the position of the City instead of whether or not the public has a right to the video footage.

92. The City of Providence's refusal to produce Sgt. Hanley Assault Video was a violation of the Public's right to a public record and R.I. Gen Laws §38-2-1 *et seq.*

93. Plaintiff attempted to convince the City to produce the Sgt. Hanley Assault Video in response to the access to public records request.

94. Plaintiff produced the Sgt. Hanley Assault Video in compliance with and pursuant to the Access to Public Records Act.

## VII.    CLAIM 2: UNCONSTITUTIONAL RETALIATION; 42 U.S.C. §1983 AND THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES

95. Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

96. At all times relevant hereto, the First Amendment guaranteed Plaintiff's freedoms of speech, petition, belief, thought and conscience.

97. At all times relevant hereto, Plaintiff's freedom to exercise his constitutional rights without suffering retaliation in the form of an adverse employment action was protected by the First and Fourteenth Amendments to the United States Constitution.

98. Beginning on or about June 1, 2020, Plaintiff engaged in constitutionally-protected speech and other activity opposing, challenging, and advocating against the City's misleading disclosures

relative to incidents involving police, including but not limited to the City's illegal refusal to be responsive to Access to Public Records Act requests in the case of the Sgt. Hanley Assault Video. *See, Exhibit 2, July 10, Subpoena Request; Exhibit* 3, *October 21, 2020 correspondence; Exhibit 5, November 9, 2020 Letter.*

99. The release of the video footage was conduct protected by the First Amendment to the Constitution of the United States.

100.    Plaintiff's speech, and the video footage of police actions related to Plaintiff's speech, were and are a significant matter of public concern because, as the content, form, and context of the speech show, it was speech related to matters of political, social, and other concerns to the community, and it was a subject of legitimate news interest, with general interest, value, and concern to the public, as it dealt with First Amendment rights, public health and safety, and government malfeasance.

101.    Plaintiff was attempting to stop the City of Providence from violating R.I. Gen Laws §38-2-1 *et seq.*

102.    R.I. Gen. Laws §38-2-3.16 required Plaintiff to respond to Access to Public Records Act requests on behalf of the PERA authority.

103.    Plaintiff was attempting to stop the City of Providence from violating Providence Code of Ordinances §18(1/2)-2 entitled, the "Providence External Review Authority (PERA)." *Attached hereto as Exhibit 10.*

104.    Plaintiff was attempting to stop the City of Providence from violating Providence Code of Ordinances §18(1/2)-4 entitled, the "Providence Community-Police Relation Act." *Attached hereto as Exhibit 9.*

105.    Defendant ignored Plaintiff and knowingly, intentionally, and willfully violated R.I. Gen Laws §38-2-1 *et seq.* by refusing to disclose the Sgt. Hanley Assault Video.

106.    Defendant ignored Plaintiff and knowingly, intentionally, and willfully violated Providence Code of Ordinances §18(1/2)-2 when it refused to allow Plaintiff to properly monitor the Hanley and Gonsalves incidents pursuant to subsection (h), failed to cooperate with the Executive Director pursuant to subsection (t) by refusing to allow the Executive Director to produce the Sgt. Hanley Assault Video despite the fact that the Access to Public Records Request was made to the PERA Executive Director and such determination as to whether or not the video should be produced is the determination of the PERA Executive Director.

107.    Defendant ignored Plaintiff and knowingly, intentionally, and willfully violated Providence Code of Ordinances §18(1/2)-4 regarding the maintenance of a so-called Gang list/database and otherwise made misleading statement to the public regarding instances of excessive use of force recorded in the Sgt. Hanley Assault Video.

108.    Plaintiff suffered an adverse employment action when the Defendants, acting under color of law, terminated his employment as Executive Director of the Providence External Review Authority.

109.    Plaintiff's constitutionally-protected speech was a substantial and motivating factor for the Defendant's termination of Plaintiff's employment as evidenced by, inter alia, the City's:

    a.    timing, whereby the PERA Board scheduled a special meeting to discipline Plaintiff immediately upon Plaintiff's publication of the Sgt. Hanley Assault Video;

    b.   failure to investigate Plaintiff's statements regarding the City's misleading publications regarding the substance of the Sgt. Hanley Assault and the City's refusal to abide by the Access to Public Records Act and produce the Sgt. Hanley Assault Video;

    c.   failure to provide Plaintiff any notice or an opportunity to respond to his termination;

    d.   other instances of threats and retaliation in response to Plaintiff's efforts to enforce the PERA Authority's external oversight rights and duties;

    e.   failure to offer any valid reasons, explanations, or justifications for Plaintiff's termination;

    f.   the PERA Board Members' self-serving defenses of their own actions and persons are not explanations justifying termination;

    g.   inconsistencies between proffered reasons for the discipline and other actions;

    h.   the discrepancy between the alleged justifications for discipline of Plaintiff, which were none, and the discipline itself, termination which is absolute, and

    i.   other surrounding facts and circumstances.

110.   Defendant failed to offer an adequate justification for Plaintiff's termination.

111.   Defendant's interests do not outweigh the value of Plaintiff's constitutionally protected speech, particularly given Plaintiff's concerted efforts to amicably resolve the matters raised by and through regular discourse with the City in reasonable times, places, and manners.

112.   Defendant would not have fired Plaintiff in the absence of the Plaintiff's exercise of his constitutionally-protected speech.

113.   Defendant terminated Plaintiff to silence Plaintiff and to cover up Defendants' own illegal refusal to comply with APRA and produce the Sgt. Hanley Assault Video.

114.   PERA's actions covered up police misconduct instead of providing the public with an external review of Sgt. Hanley's Assault.

115.    Defendants' discharge of Plaintiff was retaliatory for his exercise of his constitutionally protected rights and was done maliciously, intentionally, and recklessly with callous indifference to Plaintiff's protected rights.

116.    As a result, the Defendant, under color of law, caused and subjected Plaintiff to the deprivation of his rights, privileges, and immunities guaranteed by the First and Fourteenth Amendments of the United States Constitution, and is therefore liable to Plaintiff in accordance with 42 U.S.C. §§ 1983 and 1988.

## VIII.    CLAIM 3: WRONGFUL TERMINATION, R.I. GEN. LAWS §28-50-1 *ET SEQ* "THE RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT"

117.    Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

118.    Pursuant to R.I. Gen. Laws § 28-50-3(1), (3), and (4), the Defendants may not discharge, threaten, or otherwise discriminate against Plaintiff regarding his compensation, terms, conditions, or privileges of employment because he and/or persons acting on his behalf reported (or indicated that they would report) violations of law to a public body, to his employer, or to his supervisor, or because Plaintiff refused to violate or assist in violating the law.

119.    Plaintiff made the City of Providence aware that its public disclosures regarding the Sgt. Hanley Assault were materially misleading when compared to the video evidence of the event. *See, Exhibit 2, July 10, Subpoena Request; Exhibit* 3, *October 21, 2020 correspondence; Exhibit 5, November 9, 2020 Letter.*

120.   Plaintiff made the City of Providence aware that according to Rhode Island Law, the Sgt. Hanley Assault Video should be disclosed to the Public.

121.   By comparison, the City of Providence released comparable video footage regarding the Jhamal Gonsalves incident effectively admitting that there was no legal basis for refusing to release the Sgt. Hanley Assault Video under the Access to Public Records Act.

122.   Plaintiff made the City of Providence aware that it was violating the Providence External Review Authority ordinance when it refused to allow PERA to monitor the Jhamal Gonsalves incident.

123.   Plaintiff's compliance with the Access to Public Records Act which required disclosure of the Sgt. Hanley Assault Video is being used as a pre-text for his unlawful termination which is in retaliation for his repeated attempts to force the City of Providence to Comply with the Access to Public Records Act and Providence External Review Authority Ordinance.

124.   Plaintiff reported to the Defendant and its officials, violations of the laws of the Rhode Island, including but not limited to the violation of Access to Public Records Act.

125.   Plaintiff repeatedly refused to remain silent when unlawfully directed not to disclose information related to Providence Police officer involved incidents, including but not limited to the refusal to disclose the Sgt. Hanley Assault Video despite Defendant's materially misleading description of said video.

126.   Plaintiff knew and/or reasonably believed violations of constitutional and statutory rights had occurred and would continue to occur.

127.   As a result of the Defendant's violations of the Rhode Island Whistle Blower Protection Act, specifically R.I. Gen. Laws § 28-50-3(1), (3), and (4), Plaintiff is entitled to relief under R.I. Gen. Laws § 28-50-4 and § 28-50-5, including injunctive relief, actual damages, full

reinstatement of employment, full reinstatement of benefits and payment of back wages plus interest.

## IX.   CLAIM 4: WRONGFUL TERMINATION, DUE PROCESS RIGHTS

128.   Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

129.   Public employees are entitled to due process prior to a public employer engaging an adverse action against a public employee's employment property right.

130.   A public employee is entitled to written notice stating the facts and the grounds for which an adverse employment action may be taken, prior to any adverse action being taken by the employer, colloquially known as a "Pre-termination Letter."

131.   Plaintiff never received any "Pre-termination Letter."

132.   Plaintiff was entitled to Pretermination Hearing wherein he would have an opportunity to respond to or otherwise defend himself from the allegations set forth in the Pre-termination Letter.

133.   Plaintiff never received a "Pre-termination Hearing."

134.   Plaintiff never received any opportunity to respond to any cause, stated or unstated, relative to his eventual termination.

135.   Plaintiff was never given a proper notice or a full and fair opportunity to be heard prior to being terminated.

## X.   CLAIM 5: WRONGFUL TERMINATION, VIOLATION OF R.I. OPEN MEETINGS ACT, NOTICE

136.    Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

137.    R.I. Gen. Laws §42-46-5(a)(1) requires that a person receive advanced written notice asking whether they wish to have a discussion of their job performance in open or closed session.

138.    Plaintiff was never provided any advanced notice in writing that a discussion regarding his job performance was going to be held.

139.    Plaintiff was never provided any advanced written notice that it was his choice whether or not to hold the job performance discussion in public or closed session.

140.    PERA never stated for the record that it had given Plaintiff notice of the job performance discussion or his choice whether or not it would be held in private or public session.

141.    R.I. Gen. Laws §42-46-5(a)(1) states, "Failure to provide such notification shall render any action taken against the person or persons affected null and void."

142.    Pursuant to R.I. Gen. Laws §42-46-5(a)(1) PERA's termination vote is *void ab initio* and therefore by operation of law Plaintiff is still currently employed as the Executive Director of the Providence External Review Authority.

143.    Pursuant to R.I. Gen. Laws §42-46-8(d) PERA's termination vote is *void ab initio* and therefore by operation of law Plaintiff is still currently employed as the Executive Director of the Providence External Review Authority.

144.    The City of Providence has ceased to Compensate Plaintiff despite the fact that Plaintiff is, by operation of law, the current Executive Director of the Providence External Review Authority.

## XI.     CLAIM 6: WRONGFUL TERMINATION, VIOLATION OF R.I. OPEN MEETINGS ACT, PARTICIPATION; EXECUTIVE ORDER 20-46

145.     Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

146.     The City of Providence and PERA's refusal to admit more than one hundred (100) persons into its public meeting is a violation of Executive Order 20-46, said Order attached hereto as Exhibit 6, said Order allows for virtual meetings to comply with the Open Meetings Act.

147.     Pursuant to R.I. Gen. Laws §42-46-8(d) Actions taken in violation of the Open Meetings Act are *void ab initio*.

148.     By operation of law, Plaintiff is still currently employed as the Executive Director of the Providence External Review Authority.

149.     The City of Providence has ceased to Compensate Plaintiff despite the fact that Plaintiff is, by operation of law, the current Executive Director of the Providence External Review Authority.

## XII.     CLAIM 7: UNLAWFUL RETALIATION, DENIAL OF UNEMPLOYMENT APPLICATION

150.     Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

151.     On or about January 14, 2021, Defendant denied Plaintiff's application for unemployment in an act of post-employment retaliation.

## XIII.     CLAIM 8: WRONGFUL TERMINATION, VIOLATION OF PROVIDENCE CODE OF ORDINANCES §18(1/2)-2.

152.   Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

153.   Providence City Charter §904 states that all boards, agencies and commissions of the city have the responsibility for appointment and dismissal of employees under their jurisdiction in accordance with the rules and regulations pursuant thereto.

154.   Providence Code of Ordinances §18(1/2) – 2 *et seq*, entitled, "Providence External Review Authority (PERA) sets forth the rules and regulations regarding the appointment and dismissal of the PERA Executive Director.

155.   Pursuant to Providence Code of Ordinances §18(1/2)-2(a) Plaintiff was appointed Executive Director of the Providence External Review Authority (the "Authority") and a member of the Authority by appointment of a majority of its members subject to the approval of the providence city council for a period of two (2) years.

156.   Pursuant to Providence Code of Ordinances §18(1/2)-2(g) a member of the "Authority" such as Plaintiff, may only be removed for incompetence, neglect of duty, misconduct or malfeasance by resolution of the city council.

157.   The City Council never passed a resolution citing any incompetence, neglect of duty, misconduct or malfeasance of the Plaintiff.

158.   The City Council never passed a resolution removing Plaintiff from the Authority.

159.   The PERA Board does not have the authority to unilaterally terminate the Executive Director.

160.   By operation of law, Plaintiff is still currently employed as the Executive Director of the Providence External Review Authority.

161.    The City of Providence has ceased to Compensate Plaintiff despite the fact that Plaintiff is, by operation of law, the current Executive Director of the Providence External Review Authority.

### XIV.    CLAIM 9: WRONGFUL TERMINATION, VIOLATION OF SUBSTANTIVE DUE PROCESS

162.    Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

163.    In addition to all other failures of due process set forth herein, the City refused to allow Plaintiff to speak and address the statements PERA Board Members made during the public meeting where he was terminated.

164.    The City silenced Plaintiff and refused him any opportunity to speak in the face of his own termination.

165.    The public meeting was not an opportunity for Defendant to address his job performance or the rights or interests involved with his employment or the public right to information regarding police conduct such as the Sgt. Hanley Assault Video.

166.    The public meeting was a theater of the absurd designed for the PERA Board Members and the City to create a false narrative for a pretext to remove Executive Director Batista from his position because he was doing his job instead of continuing to perpetrate the City's materially misleading public disclosures of the Sgt. Hanley Assault.

### XV.    CLAIM 10: KNOWING AND WILLFUL VIOLATION OF THE ACCESS TO PUBLIC RECORDS ACT, R.I. GEN. LAWS §38-2-1 *ET SEQ*

167.    Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

168.    Plaintiff, as Executive Director for the PERA Authority, is the chief administrator of the PERA Authority.

169.    R.I. Gen. Laws §38-2-3.16 makes the chief administrator of each agency and each public body the responsible party for Access to Public Records Act.

170.    R.I. Gen. Laws §38-2-3.16 only allows the chief administrator of a public body to delegate Access to Public Records Act responses.

171.    Plaintiff never relinquished or otherwise delegated his authority as the person to respond to Access to Public Records Act requests pursuant to R.I. Gen. Laws §38-2-3.16.

172.    The PERA Board has never received orientation or training regarding the Access to Public Records Act.

173.    The PERA Board was never authorized to respond to Access to Public Records Act requests pursuant to R.I. Gen. Laws §38-2-3.16.

174.    On or about August 25, 2020, the PERA Board, comprised of Chairman Nicholas Figueroa, Vice-Chairman Machiste Rankin, Phanida Phivilay, Kenneth Cohen, Susan DeRita, Kimberly Dy, Michael Fontaine, Elise Swearingen and Deborah Wray, unlawfully usurped Plaintiff's authority under R.I. Gen. Laws §38-2-3.16 and refused to produce the Sgt. Hanley Assault Video in response to an Access to Public Records Request.

175.    Plaintiff communicated his belief to the City and the PERA Board that the Sgt. Hanley Assault Video needed to be released under the Access to Public Records Act.

176.   Plaintiff communicated his belief to the City and the PERA Board that Plaintiff was responsible for responses to Access to Public Records Act requests made to the PERA Authority.

177.   Despite Plaintiff's argument to the City and the PERA Board that the Sgt. Hanley Assault Video was a public document, the City and the PERA Board refused to produce the video in response to an Access to Public Records Request.

## XVI.   CLAIM 11: KNOWING AND WILLFUL VIOLATIONS OF THE OPEN MEETINGS ACT, R.I. GEN. LAWS §42-46-1 *ET SEQ*

178.   Plaintiff hereby re-alleges and incorporates all other paragraphs and statements herein this complaint as if fully set forth within this paragraph.

179.   On or about November 16, 2020, the PERA Board, comprised of Chairman Nicholas Figueroa, Vice-Chairman Machiste Rankin, Phanida Phivilay, Kenneth Cohen, Susan DeRita, Kimberly Dy, Michael Fontaine, Elise Swearingen and Deborah Wray, voted to terminate Plaintiff despite the fact that it failed to provide Plaintiff with the R.I. Gen. Laws §42-46-5(a)(1) right to determine if the meeting would be held in Public or Executive Session.

180.   On or about November 16, 2020, the PERA Board, comprised of Chairman Nicholas Figueroa, Vice-Chairman Machiste Rankin, Phanida Phivilay, Kenneth Cohen, Susan DeRita, Kimberly Dy, Michael Fontaine, Elise Swearingen and Deborah Wray, voted to terminate Plaintiff despite the fact that it failed to provide the Public with full access to participate in the hearing.

**XVII.     DEMAND FOR JURY TRIAL**

181.   Plaintiff hereby requests a jury trial on all issues raised in this Complaint.

**XVIII.     COSTS AND ATTORNEYS' FEES**

182.   Pursuant to 42 U.S.C. § 1988 and R.I. Gen. Laws §§ 28-50-5, Plaintiff seeks an award of his

costs and reasonable attorneys' fees incurred in the litigation of this case.

**XIX.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court provide the following relief:

A. **Declaratory**: Award judgment based upon the actual, current, and *bona fide* controversy

between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and

Federal Rule of Civil Procedure, Rule 57, declaring:

1.  That the Defendants' conduct constituted unconstitutional retaliation against Plaintiff for
    his exercise of constitutionally-protected speech, pursuant to the First and Fourteenth
    Amendments to the United States Constitution and 42 U.S.C. § 1983;

2.  That the Defendant unlawfully discharged, threatened, and discriminated and retaliated
    against Plaintiff for asserting, supporting, reporting, and/or participating in the
    investigation and determination of a claim violation actionable under R.I. Gen Laws § 38-
    2-1 *et seq.* and

3.  That the Defendants unlawfully discharged, threatened, and otherwise discriminated
    against Plaintiff regarding his compensation, terms, conditions, or privileges of
    employment, because he reported violations of law to the Defendant and its officials and
    because Plaintiff refused to violate or assist in violating the Access to Public Records Act

and/or the Providence External Review Authority act and/or the Providence Community-Police Retaliation Act in violation of R.I. Gen. Laws § 28-50-3(1), (3), and (4); and

B. **Injunctive**:

1. Award injunctive relief reinstating Plaintiff to his position as Executive Director of the Providence External Review Authority; and

C. **Monetary**: Grant a judgment awarding Plaintiff actual damages for the injuries he sustained as a result of Defendant Defendants' unlawful interference with and deprivation of his constitutional and statutory rights, including, but not limited to:

1. Actual damages and equitable relief, including restitution, and full payment of unpaid back wages plus interest since his termination on or about November 16, 2020, and such other amounts as principles of justice and compensation warrant; all pursuant to 42 U.S.C. §1983 and R.I. Gen. Laws §§ 28-50-4, and -50-5;

2. Nominal damages under 42 U.S.C. § 1983, plus interest, for depriving Plaintiff of his rights, privileges, and immunities secured by the Constitution of the United States;

D. **Punitive Damages:** Award punitive damages, for the City's malicious, intentional, and/or reckless or callous indifference to Plaintiff's protected rights;

E. **Statutory Damages**:

1. Pursuant to R.I. Gen. Laws §42-46-8(d), as a result of each party's two (2) knowing, intentional and willful violations of the Open Meetings Act, award Plaintiff two individual

fines of five thousand dollars ($5,000.00) against each of the following parties for a total

of one hundred thousand dollars ($100,000).

| | | | |
|---|---|---|---|
| i. | City of Providence | vi. | Susan DeRita |
| ii. | Nicholas Figueroa | vii. | Kimberly Dy |
| iii. | Machiste Rankin | viii. | Michael Fontaine |
| iv. | Phanida Phivilay | ix. | Elise Swearingen |
| v. | Kenneth Cohen | x. | Deborah Wray |

2. Pursuant to R.I. Gen. Laws §42-46-8(d), by and through R.I. Gen. Laws §38-2-8(c), as a

result of each party's knowing, intentional and willful violations of the Access to Public

Records Act, award Plaintiff individual fines of five thousand dollars ($5,000.00) against

each of the following parties for a total of fifty thousand dollars ($50,000).

| | | | |
|---|---|---|---|
| xi. | City of Providence | xvi. | Susan DeRita |
| xii. | Nicholas Figueroa | xvii. | Kimberly Dy |
| xiii. | Machiste Rankin | xviii. | Michael Fontaine |
| xiv. | Phanida Phivilay | xix. | Elise Swearingen |
| xv. | Kenneth Cohen | xx. | Deborah Wray |

E. **Attorneys' Fees and Costs**: Award Plaintiff his reasonable costs and attorneys' fees in this

action; and

F. **Other**: Grant Plaintiff such additional and further relief as the Court may deem just and proper,

including such other appropriate relief or penalties, pursuant to R.I. Gen. Laws § 28-50-1 *et seq*.

## XX.     <u>DESIGNATION OF COUNSEL</u>

Plaintiff hereby designates William J. Conley, Jr. as trial counsel.

                                                                   Plaintiff,
                                                                   Jose Batista
                                                                   By Its Attorney,

*/s/ William J. Conley, Jr.*
William J. Conley, Esq. (#2149)
Law Office of William J. Conley, Jr.
123 Dyer Street, Suite 2B
Providence, RI 02903
(401) 415-9835
(401) 415-9834 (fax)
wconley@wjclaw.com

Dated: March 23, 2021