UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| JOSE F. BATISTA,<br>　　　Plaintiff, | )<br>)<br>)<br>) |  |
| v. | ) | No. 1:21-cv-00138-MSM-PAS |
| CITY OF PROVIDENCE, et al | )<br>)<br>) |  |

ORDER

This eleven count complaint stems from the November 16, 2020, termination, by the Providence External Review Authority Board, of its executive director. The Defendants' Motion to Dismiss (ECF No. 6) was brought pursuant to Fed. R. Civ. P. 12(b)(6) and alleged that the plaintiff had failed to state any claim upon which relief could be granted. On October 26, 2021, this court held a hearing on the defendants' motion and heard extensive argument from the parties. The Court has reviewed the Complaint, taking all well-pled allegations as true and drawing all reasonable inferences from them in favor of the plaintiff. *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012). Having done that, the Court's task is to determine whether each count states a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). After consideration, the Court orders the following:

1. The Motion to Dismiss is GRANTED

    A. as to Claim 1, which alleges a violation of the Access to Public Records Act ("APRA"), R.I.G.L. § 38-2-1 *et seq.* The plaintiff lacks standing under Rhode Island law because he was not denied access to records. *Malinoff v. Robinson*, 770 A.2d 873, 876 (R.I. 2001); *R.I. Fed'n of Teachers, AFT, AFL-CIO v. Sundlun,* 595 A.2d 799, 801 (R.I. 1991).

    B. as to Claim 5, which alleges a violation of the Open Meetings Act ("OMA), RIGL § 42-46-1 *et seq.* The plaintiff has failed to plead sufficient facts to support a claim that the notice of the meeting was deficient.

    C. as to Claim 6, which alleges a violation of Executive Order 20-46 (June 12, 2020) (ECF No. 1-6) for the same deficiencies present in Count 5 and because nothing in the Executive Order guarantees a right to have more than 100 people participate in a meeting.

    D. as to Claim 8, which alleges a violation of the Providence Code of Ordinances, § 18(1/2)-2, because its removal provision does not apply to the position of Executive Director of The Providence External Review Authority.

    E. as to Claims 10 and 11 for the same reasons that apply to Counts 1 and 5, respectively.

2. The Motion to Dismiss is DENIED

    A. as to Claim 2, which alleges retaliation in violation of the First Amendment. The plaintiff is entitled to an opportunity to flesh out facts that may demonstrate he spoke as a private citizen on a matter of public concern. *E.g., Foley v. Town of Randolph*, 598 F.3d 1, 7-8 (1st Cir. 2010) (whether a person speaks as an employee, or a private citizen depends on total context).

    B. as to Claim 3, which alleges wrongful termination under the Rhode Island Whistleblowers' Protection Act, RIGL § 28-50-1. The plaintiff has pleaded sufficient facts to permit an inference that he was terminated because he revealed an attempt by the City to cover up allegedly unlawful conduct.

    C. as to Claim 4, which alleges a violation of the plaintiff's procedural due process rights. The Court finds that the plaintiff has sufficiently

> demonstrated a property interest. *Kando v. R.I. State Bd. of Elections,* 880 F.3d 53, 59 (1st Cir. 2018) (citing *Cleveland Bd. of Educ. v Loudermill*, 470 U.S. 532, 538 (1985)).
>
> D. as to Claim 9, which alleges a substantive due process violation because it appears at this stage that this claim is separate and distinct from Claim 2.

3. With respect to Claim 7, the Motion to Dismiss is GRANTED with leave to the plaintiff to amend to state sufficient facts that support a finding that he has stated a plausible claim for relief.

4. The plaintiff is also granted leave to amend, at his discretion, his claim for punitive damages.

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
_____
Mary S. McElroy,
United States District Judge

Date: October 27, 2021